Gordon S. SHY, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–1208.

United States Court of Veterans Appeals.

July 29, 1992.

Before STEINBERG, Associate Judge.

### MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Gordon S. Shy, appeals from a June 28, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying him entitlement to an increased rating for service-connected residuals of multiple shell fragment wounds to the abdomen; the injury is currently rated at 0%. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. The Secretary's motion will be granted and the Board's decision affirmed.

The veteran's in-service medical records are lost or destroyed. R. at 20–21, 58. However, according to the statements of the veteran and individuals who served with him in the military, the veteran received the shrapnel wounds in late fall of 1943 when dynamite accidentally exploded during a basic training exercise; nine to eleven pieces of shrapnel were surgically removed, leaving scars. R. at 11, 24–26, 34, 41–44. In May 1967, the veteran received a colostomy in the course of undergoing an abdominal perineal resection for adenocarcinoma of the rectum. R. at 22. In June 1979 and July 1980, he underwent surgery to repair hernias in the area around his colostomy. R. at 22. A November 30, 1989, compensation and pension (C & P) examination by the Department of Veterans Affairs (VA) noted the veteran's complaints of stomach pain (R. at 61) and described his shrapnel-wound scars as "well healed" (R. at 64); an abdominal x-ray taken at that time revealed no identifiable intra-abdominal metallic foreign bodies and no "acute abnormalities" (R. at 66). Another VA C & P examination, dated

April 17, 1989, noted the scars but did not describe their condition. R. at 94–96. Treatment records from the Ferguson Medical Group, spanning 1967 to 1988, detail the veteran's various medical complaints and examinations, but no entry mentions shrapnel-wound scars. R. at 68–87.

In its June 28, 1990, decision, the Board noted that medical evidence revealed the residuals of the veteran's wound to be "small well-healed scars" with no retained shrapnel fragments or demonstrable muscle damage. The Board concluded that "the schedular criteria for a compensable rating for residuals of multiple shell fragment wounds to the abdomen are not met". *Gordon S. Shy,* BVA 89–22184, at 5 (June 28, 1990). Pursuant to 38 U.S.C. § 7261(a)(4) (1991) (formerly § 4061), the Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them". *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). Accordingly, the Court holds that the decision is not subject to reversal as containing a clearly erroneous finding of material fact because there is a plausible basis in the record for the BVA's denial of an increased rating for the residuals of multiple shell-fragment wounds.

The veteran also contended that the BVA should have remanded the case to the Regional Office (RO) for further attempts to secure his records and for a further examination of his shell-fragment wounds. R. at 124. The Court finds no indication in the record that the attempts by the Veterans' Administration (the predecessor of the Department) in 1981 and 1988 to obtain the veteran's service records were inadequate (R. at 20–21, 58), or that the 1988 and 1989 VA C & P examinations were not sufficiently complete for rating purposes (*see* 38 C.F.R. § 4.2 (1991)). The Court thus finds no failure on the part of the Secretary to comply with his duty to assist the veteran in the development of the facts pertinent to

his well-grounded claim. *See* 38 U.S.C. § 5107(a) (formerly § 3007).

Finally, the veteran attempted to reopen a service-connection claim for abdominal disabilities secondary to the shell-fragment wounds; the BVA remanded that issue to the VARO for appropriate action. Because the Board remanded the reopened claim, that claim is not final and thus cannot be heard by the Court. *See Clark v. Derwinski,* 2 Vet.App. 166, 167 (1992); 38 U.S.C. §§ 7252(a), 7266(a) (formerly §§ 4052, 4066).

The Court takes note of the following excerpt from the BVA decision:

> Accordingly, there has been presented no basis for the assignment of a compensable evaluation under the pertinent schedular criteria. It is apparent that the veteran's abdominal difficulties are associated with his nonservice-connected postoperative carcinoma of the rectum.

*Shy,* BVA 89–22184, at 5. The Board's sentence associating the veteran's abdominal difficulties with his rectal carcinoma, which has not been found to be service connected, may constitute an impermissibly unsubstantiated medical conclusion by the Board for which no medical evidence of record or medical treatises are cited. *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). However, the preceding sentence shows that the Board had already reached its conclusion ("Accordingly") and that the reference to the rectal carcinoma was a passing reference and not a finding "material" to the Board's reasoning or ultimate conclusion. *See* 38 U.S.C. § 7104(d)(1) (formerly § 4004) (Board is required to provide an adequate statement of reasons or bases only as to "material issues of fact and law presented on the record"). The Court also notes that the Board's reference to the rectal carcinoma being "nonservice-connected" is not an adjudication by the Board of the veteran's attempt to reopen his claim for service connection for that condition. As noted above, that claim was remanded by the Board to the RO.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, it

is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252 (formerly § 4052), 5107(b), 7104(d)(1), 7261 (formerly § 4061) and the analysis in *Gilbert, supra.* It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted, and the June 28, 1990, BVA decision is affirmed.

AFFIRMED.