**Pete T. TALON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–350.**

United States Court of Veterans Appeals.

July 28, 1992.

Before FARLEY, MANKIN, and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On June 12, 1992, the Court issued a decision summarily affirming the decision of the Board of Veterans' Appeals (Board). On June 23, 1992, appellant filed a motion for *en banc* reconsideration of the decision, which request is deemed a motion for review of a single judge decision by a panel of the Court under Rule 35(b) of this Court's Rules of Practice and Procedure. Thereafter, appellant filed a motion to admit into evidence the proclamation of President Roosevelt and implementing orders of General MacArthur.

Appellant raises the issue of a pension due to a service-connected kidney disability. This issue, raised for the first time in this appeal, cannot be considered by the Court until such time as it is properly submitted to the appropriate Department of Veterans Affairs Regional Office and an adverse determination is made there and at the Board. *Clark v. Derwinski,* 2 Vet.App. 166 (1992); *Branham v. Derwinski,* 1 Vet.App. 93 (1990); *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990). On consideration of the foregoing, it is

ORDERED that appellant's motion to admit into evidence the proclamation is denied. Appellant's attention is directed to page two of the Memorandum Decision affirming the decision of the Board which notes that appellant's service was pursuant to the Call of the President of the United States dated July 26, 1941. This evidence has therefore already been considered by the Court. It is further

ORDERED that appellant's motion for review is denied.

STEINBERG, Associate Judge, dissenting:

I respectfully dissent from the order of the panel denying appellant's motion for review of the single-judge summary affirmance. I believe that the constitutionality of 38 U.S.C. § 107(a) as applied to the present appeal is not resolved by the Court's opinion in *Dela Pena v. Derwinski*, 2 Vet.App. 80 (1992), as the June 12, 1992, single-judge decision suggests. The facts of this appeal present constitutional issues of first impression in this Court which should be decided by a panel of the Court, and I would, therefore, grant panel review.

In *Dela Pena*, a panel of the Court embraced the analysis of the United States Court of Appeals for the District of Columbia in *Quiban v. Veterans Admin.*, 928 F.2d 1154 (D.C.Cir.1991), and upheld the constitutionality of section 107(a). *Dela Pena*, 2 Vet.App. at 81. In a separate opinion, I pointed out that the D.C. Circuit's analysis in *Quiban* was based largely upon a three-factor rational-basis analysis employed by the United States Supreme Court in *Harris v. Rosario*, 446 U.S. 651, 100 S.Ct. 1929, 64 L.Ed.2d 587 (1980), and that under that three-factor analysis there may be no rational basis for applying section 107(a) to a veteran of Philippines service who is a current resident of the United States. *Dela Pena*, 2 Vet.App. at 81 (separate opinion). Two of the three controlling factors in the rational-basis analysis in *Harris* and *Quiban*, were based upon economic concerns resulting from paying benefits to persons residing outside of the United States. Neither the D.C. Circuit's opinion in *Quiban* nor this Court's opinion in *Dela Pena* addressed the constitutionality of section 107(a) as applied to a resident of the United States. It is noteworthy that the D.C. Circuit in *Quiban* stressed that "all three appellees in this case are residents of the Philippines." 928 F.2d at 1161, n. 14. Because the appellant here (by virtue of a Los Angeles mailing address) appears to be a United States resident, the application of section 107(a) to deny his claim may present a constitutional issue that has not previously been decided by a panel of the Court. Therefore, single-judge summary disposition is not appropriate until it can be determined that appellant is not currently a U.S. resident. Since that has not been done, I would grant panel review. *See Bethea v. Derwinski*, 2 Vet. App. 252, 254–55 (1992); *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).

Finally, I note that neither the majority nor this Judge purports to decide any Constitutional issue in connection with the disposition of this motion for review.