This version includes an errata issued 18Apr00 -e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 97-1192

FRANK L. TETRO, III, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided April 4, 2000  )

*Ruth Tetro* (non-attorney representative), of Chinook, WA, was on the pleadings for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Adam K. Llewellyn*, of Washington, DC, were on the pleadings for the appellee.

Before KRAMER, IVERS, and GREENE, *Judges.*

KRAMER, *Judge*:  The appellant, Frank L. Tetro, III, appeals a March 26, 1997, decision of the Board of Veterans' Appeals (BVA or Board) denying an effective date earlier than February 23, 1989, for an award of service connection for post-traumatic stress disorder (PTSD), granting special monthly pension based on the need for regular aid and attendance, and granting an effective date of April 26, 1991, for non-service-connected total and permanent disability pension.  Record (R.) at 6-13.  The appellant has filed a brief, the Secretary has filed a motion for summary affirmance in lieu of a brief, and the appellant has filed a motion in opposition to the Secretary's motion and a request for summary judgment, which the Court treats as a reply brief.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

1

As a preliminary matter, the Court notes that by order dated April 17, 1998, the Court advised the appellant that the record on appeal (ROA) may not include materials not relevant to the issues on appeal. By order dated June 4, 1998, the Court advised the appellant that the Court is precluded from considering on appeal any material that was not in the record before the Board when it rendered its March 26, 1997, decision, and that documents that postdate the Board decision cannot be included in the ROA. By order dated July 7, 1998, the Court cautioned the appellant against attempting to supplement the ROA with documents not relevant to the issues of the effective date of his permanent and total disability for pension purposes and the effective date of his grant of service connection for PTSD. The appellant has supplemented both his brief and his reply brief with clippings, news articles, and other extraneous materials. The Secretary has moved to strike these documents. Accordingly, none of those extraneous material attached to the appellant's filings will be considered.

The appellant argues as follows: (1) that the Federal Government failed to provide documentation of his exposure to Agent Orange and biological and chemical warfare agents (Argument 1); (2) that VA failed to consider as a PTSD stressor his survival of a shipboard fire during service (Argument 2); (3) that a 1999 Board decision awarding a 100% disability rating for a service-connected closed head injury assigned an incorrect effective date (Argument 3); (4) that he is entitled to retroactive pension benefits pursuant to 38 C.F.R. § 3.151(b) (1999) (Argument 4); (5) that a 1990 Board decision denying entitlement to non-service-connected pension, a 1994 rating decision, and the 1997 Board decision that is the subject of this appeal contained clear and unmistakable error (CUE) (Argument 5); and (6) that the Board in 1990 failed in its duty to assist the appellant by failing to obtain Social Security Administration (SSA) records pertaining to a 1989 award of disability (Argument 6). In response, the Secretary argues merely that there was a plausible basis in the record for the effective date for the appellant's non-service-connected pension award as determined by the Board. For the following reasons, the Court rejects Arguments 1, 2, 3, 4, and 5, but agrees with Argument 6 and, with respect to it, will remand a matter.

## I. BACKGROUND

Only those facts in the record that are relevant to this decision are set forth here. The appellant initially served on active duty in the U.S. Navy from September 1964 through August

1968. R. at 19. In November 1983, the appellant fell from a walkway in a work-related accident, landing on his head. R. at 26, 778-81. He filed a claim for non-service-connected total and permanent disability pension benefits on December 28, 1984. R. at 20-21. That claim was denied in an unappealed rating decision in March 1985, on the basis that he was not precluded from substantially gainful employment by reason of total and permanent disability. R. 29. A reopened claim was denied on the same basis in August 1987, R. at 37, and, in a March 1988 decision, the Board remanded the matter to a VA regional office (RO) in order to obtain additional medical evidence. R. at 619, 668. In September 1989, while the appellant's claim was on Board remand to the RO, R. at 45, 427, the appellant delivered to VA a February 22, 1989, Social Security Administration (SSA) decision that (1) documented a July 1985 SSA decision granting him a closed period of total disability benefits from November 1, 1983, through May 17, 1985, and (2) determined that he was totally disabled and was entitled to Social Security disability benefits, commencing May 17, 1985 (the end of the previously closed period of disability). R. at 432-33. In a March 1990 decision, the Board denied the appellant's pension claim on the basis that his disabilities, while limiting his ability to engage in some forms of employment, did not preclude substantially gainful employment. R. at 45. The Board had not obtained the appellant's SSA records at that time. R. at 168, 170. In its discussion, however, the Board mentioned the SSA decision, and stated: "We recognize that the veteran has been found entitled to disability benefits from the [SSA], but we are not persuaded that he is permanently and totally disabled within the meaning of [38 U.S.C. 1501, 1521(a) (then sections 501 and 521) and the regulations thereunder]." R. at 45-46.

A motion for Board reconsideration filed in April 1990 was denied in February 1991. R at 60. No appeal was filed to the Court. A VA Form 1-9 (Appeal to the Board of Veterans' Appeals), to which was attached a statement requesting reopening of the non-service-connected pension claim, was received by VA on April 26, 1991. R. at 76. VA received a formal application to reopen the appellant's non-service-connected pension claim in June 1991. R. at 113. An October 1994 RO decision deferred consideration of the claim until the appellant's SSA medical records were received. R. at 168, 170, 185. VA received the SSA records sometime between October and December 1994. R. at 184; Appellant's Brief (Br.) at 13. Subsequently, by an RO decision dated December 21, 1994, the appellant was granted an extraschedular rating of total and permanent

3

disability and granted non-service-connected pension. R at 184. The RO assigned an effective date of June 1991 for the pension award. R. at 9. In making its decision, the RO relied in part on the appellant's newly obtained Social Security medical records. The RO stated:

> [N]umerous evaluations and medical reports since the [appellant's 1983 closed head injury] provided by the [SSA] show veteran suffering from impairments which restrict his capacity to perform basic work activities . . . . Considering the nature of veteran's disability and other factors, such as, the veteran's age, education, limited work skills and occupational background including his long and well-established unemployability and Social Security disability being his only source of income, entitlement to pension is conceded.

R. at 184.

The appellant filed, in September 1995, a Notice of Disagreement (NOD) stating that he "disagree[d] with your effective date of claim for . . . NSC pension . . . ." R. at 736. In the 1997 decision here on appeal, the Board determined that a statement on the April 1991 VA 9 form filed by the appellant was an informal claim pursuant to 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400(r) (1996), and that he was, accordingly, entitled to an April 1991 effective date for the award of non-service-connected pension benefits. R. at 8-10. The Board found that the appellant presented no legal basis to "negate and ignore the March 1990 final Board decision" and move the effective date back to the date of his original (December 1984) claim or the date of his November 1983 injury. R. at 10.

## II. ANALYSIS

### A. Arguments 1 and 2: Exposure to Agent Orange and Other Toxins, and PTSD Stressors

The Board remanded to the RO for further development the question of the appellant's exposure to Agent Orange and other toxic chemical and biological substances while serving on board the U.S.S. *Granville S. Hall*, and the question of what stressors the appellant experienced during service with respect to his PTSD. R. at 14. This Court's jurisdiction to review Board decisions is limited by statute to review of those Board decisions that are final. *See* 38 U.S.C. §§ 7252(a), 7266(a); *Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994). Claims that have been remanded to the RO by the Board are not ripe for review by this Court. *See Link v. West*, 12 Vet.App. 39, 47 (1998); *Marlow v. West*, 11 Vet.App. 53, 55 (1999); *see also* 38 C.F.R. § 20.1100 (1999) (Board

4

remand not a final decision of the Board). These issues, including the question whether 38 C.F.R. § 3.151(a) (1999) applies to treat the appellant's 1984 pension claim as a claim for compensation pertaining to the remanded matters, cannot be considered by the Court until such time as the Board has rendered a final determination on them. *See Green v. West*, 11 Vet.App. 472, 476 (1998); *Talon v. Derwinski*, 3 Vet.App. 74 (1992).

### B. Argument 3: Error in 1999 Board Decision

The Court has no jurisdiction over the appellant's allegations of error in a 1999 decision of the Board granting total disability due to a service-connected closed head injury. The notice of appeal (NOA) here is limited to the 1997 Board decision; there has been no NOA filed with respect to the 1999 decision. *See* 38 U.S.C. § 7266(a) (Court has jurisdiction to review only Board decisions that are final, and only where an NOA is timely filed); *see also Prenzler v. Derwinski*, 928 F.2d 392, 393-94 (Fed. Cir. 1991) (Court's appellate jurisdiction derives exclusively from statutory grant of authority provided by Congress and may not be extended beyond that permitted by law); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990).

### C. Argument 4: Retroactive Non-Service-Connected Pension Benefits

The appellant asserts that he is entitled to retroactive pension benefits for total disability pursuant to 38 C.F.R. § 3.151 (b) (1999), on the basis that he filed a claim for retroactive benefits within one year of application for pension benefits. A grant of entitlement to retroactive pension benefits is an exception to the rule that the effective date of an award for a grant of a pension is the date of facts shown or date of claim, whichever is later. *See* 38 U.S.C. § 5110(a) ("Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after adjudication, or a claim for an increase, of compensation, dependency and indemnity compensation, or pension shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."); *see also* 38 C.F.R. § 3.400 (1999) ("Except as otherwise provided, the effective date of . . .an award of pension . . .will be the date of receipt of the claim or the date entitlement arose, whichever is the later"). A claimant may not receive an award of retroactive benefits with an effective date prior to the earlier of one year before the date of the claimant's application for benefits or one year before the date of administrative determination of the entitlement. *See* 38 U.S.C. § 5110(g) ("In no event shall such award or increase

be retroactive for more than one year from the date of application therefore or the date of administrative determination of entitlement, whichever is earlier."); *McCay v. Brown*, 9 Vet.App. 183, 188 (1996) ("section 5110(g) was clearly intended to limit maximum amount of recoverable retroactive benefits to one year prior to the filing of an application" (citing *Viglas v. Brown*, 7 Vet.App. 1, 3 (1994))).

A pension award may be effective earlier than the date of receipt of the claim resulting in an award only if: (1) the veteran specifically claims entitlement to retroactive benefits separately or together with the claim for disability pension, and the claim for retroactive benefits is received by VA "within one year from the date on which the veteran became permanently and totally disabled," 38 C.F.R. §§ 3.151(b) (1999) (element 1); *see Wilson v. Brown*, 5 Vet.App. 103, 108 (1993); *Smith v. Derwinski*, 2 Vet.App. 429, 431 (1992); (2) for claims received on or after October 1, 1984, the disability is not the result of the veteran's own willful misconduct (element 2); and (3) the disability is "so incapacitating that it prevented him or her from filing a disability pension claim for at least the first 30 days immediately following the date on which the veteran became permanently and totally disabled," 38 C.F.R. § 3.400(b)(1)(ii)(B) (1999) (element 3); *see Wilson, supra*. The record does not support a conclusion that the willful misconduct element is at issue. However, the appellant has not fulfilled the requirements of either element 1 or element 3.

As to element 1, the appellant filed his first claim for pension in December 1984, and filed applications to reopen through 1991, the last of which resulted in an award by the Board with an effective date of April 1991. The earliest mention of the appellant's desire for retroactive pension benefits is a statement in his appeal of the 1994 RO decision, received by VA on July 3, 1995. See R. at 337. The appellant asserts, in effect, Brief at 23, that he should be deemed to have become permanently disabled for the purpose of the retroactive pension benefit provision as of the December 1994 RO decision granting him non-service-connected pension benefits, thus making the July 1995 request for retroactive benefits timely. However, that 1995 request cannot fall within the requisite one-year period of element 1 as required by § 3.151(b) because VA received it more than four years after the April 1991 effective date for such disability.

As to element 3, there is no evidence that incapacity ever prevented the appellant from filing a pension claim, as required by § 3.400(b)(1)(ii)(B). See R. at 21-27, 37,113. The Court holds,

accordingly, that the requirements for retroactive pension benefits under §§ 3.151 and 3.400(b)(1)(ii)(B), both *supra*, have not been met. Finally, as to arguments previously raised by the appellant but implicitly recognized in his brief as unavailing, Br. at 24, neither 38 C.F.R. § 3.201(a) (1999 and earlier versions) (deeming evidence received by the SSA in support of a claim for Social Security old age, survivor, or disability benefits to have been received on the same date by VA) nor the statutory provision it implements, 38 U.S.C. § 5105(b) (deeming a claim for such Social Security benefits to be treated as an application for VA benefits under chapter 13 of title 38 of the United States Code), provides a basis for retroactive pension benefits. These provisions apply only, in the event of the death of the veteran, to a survivor's claim for VA dependency and indemnity compensation. *Cf. Murincsak v. Derwinski*, 2 Vet.App. 363, 369-70 (1992) (§ 3.201(a) and section 5105 have "no application to the merits" of a claim for total disability based on individual unemployability).

### D.  Argument 5:  CUE Claims

#### 1.  CUE in the 1990 Board Decision

The appellant asserts CUE in the March 1990 Board decision on the basis that VA in 1990 failed in its duty to assist him by obtaining a certified copy of his Social Security file, including all medical reports therein. *See* discussion of duty to assist, *infra,* at Part E.  The appellant also contends that the 1990 decision contains CUE because it ignored evidence showing that the SSA in February 1989 had granted him total disability benefits and because it also ignored other evidence of unemployability.  For the following reasons, the Court rejects the appellant's arguments.

First, a failure of a duty to assist does not rise to the level of CUE. *See Baldwin v. West*, 13 Vet.App. 1,7 (1999) ("a breach of the duty to assist . . . cannot form the basis of a CUE claim); *Caffrey v. Brown*, 6 Vet.App. 377, 383-84 (1994); *see also Hayre v. West*, 188 F.3d 1327, 1330, 1331-32 (Fed. Cir. 1999) (ratifying *Caffrey, supra*).  Second, the Court's authority to consider claims of CUE in Board decisions is premised upon, inter alia, 38 U.S.C. § 7111, which took effect on November 21, 1997. *See* Pub. L. No. 105-111, 111 Stat. 2271 (1997) (the provisions of Pub. L. 105-111 "apply to any determination made before, on, or after the date of the enactment.").  Section 7111 requires that such arguments must be raised to the Board in the first instance and decided by the Board on the merits; they may not be raised in the first instance on appeal to the Court. *See*

38 U.S.C. § 7111(e); *Ledford v. West*, 136 F.3d 776 (Fed. Cir. 1998) (holding that this Court lacked jurisdiction to hear a CUE claim raised for the first time on appeal). The record shows that the appellant made no CUE claim to the Board in 1997, but argued only that certain medical evidence, among numerous medical reports considered by the Board in 1990, supported his contention that he was unemployable. R. at 1078. The record also shows that the Board made no determination with respect to CUE in its 1990 decision. *See* R. at 1-17.

Third, even were the claim properly before the Court, and even had the record at the time of the 1990 Board decision contained all of the appellant's Social Security records, a claim of CUE would fail in light of evidence also in the record in 1990 indicating that he was not totally disabled, R. at 42-45, 439, 458, 621, 630-31, 650, 653. *See Crippen v. Brown*, 9 Vet.App. 412, 418 (1996) (CUE is present only where there is an error that is "undebatable, so that it can be said that reasonable minds could only conclude that the original decision was fatally flawed."); *Eddy v. Brown*, 9 Vet.App. 52, 57 (1996) (more than an assertion of a disagreement as to how the facts were weighed or evaluated is required to raise a valid claim of CUE)*; Fugo v. Brown*, 6 Vet.App. 40, 43-44 (1994) ("even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable"); *see also Russell v. Principi,* 3 Vet.App. 310, 313 (1992) (en banc); 64 Fed. Reg. 2135-36 (1999); 38 C.F.R §§ 20.1400 - 20.1410 (1999).

### 2. Other CUE Claims

The appellant asserts clear error in both the 1994 RO decision and the March 1997 Board decision (considering the 1994 RO decision on appeal) on the basis that they also should have taken into consideration the 1989 SSA award of total disability (granting an effective date for some Social Security purposes in 1983) and have thus assigned an effective date for permanent and total disability for VA pension purpose as of the December 1984 date of his original claim. Br. at 10. The Court understands this argument as alleging CUE in both decisions. For the following reasons, the Court rejects these arguments.

First, as to a claim of CUE in the 1994 RO decision, a CUE claim would be "a collateral attack on a final RO decision." *See Donovan v. Gober*, 10 Vet.App. 404, 407 (1997), *aff'd sub nom*. *Donovan v. West*, 158 F.3d 1377 (Fed. Cir. 1998), *cert. denied*, 119 S.Ct. 1255 (1999); *Phillips*

*v. Brown*, 10 Vet.App. 25, 31 (1997)*; see also* 38 U.S.C. § 5109A (providing for CUE claims as to prior, final, RO decisions). Where, as here, an RO decision is appealed directly to the Board, it does not become final. *See* 38 U.S.C. § 7105(c) (RO decision is rendered nonfinal by timely appeal to Board). Accordingly, the appellant may not bring a CUE claim as to the nonfinal 1994 RO decision. *See Link v. West*, 12 Vet.App. 39, 45 (1998) (RO decisions rendered nonfinal by timely appeal to the Board are not, as a matter of law, subject to CUE claims); *Best v. Brown*, 10 Vet.App. 322, 325 (1997) (appellant cannot raise CUE with respect to rating decision that is not final).

Second, as to CUE in the 1997 Board decision on appeal here, section 7111, as discussed above, does not allow review of a claim for CUE in a Board decision unless such claim has first been submitted directly to the Board for consideration. *See Ledford, supra; Carpenter v. Gober*, 11 Vet.App. 140, 144 (1998) ("the new section 7111 does not on its face apply unless the claimant has already submitted to VA a claim of CUE"). This claim has impermissibly been made for the first time on appeal to the Court. Third, CUE cannot lie with respect to a Board decision that is on direct appeal to the Court. Although the Court may consider a collateral attack on a determination made by the Board as to CUE in a prior Board decision, as a matter of law, there can be no CUE as to the Board decision directly on appeal. *See* 38 U.S.C. § 7111(a) ("If evidence establishes [CUE], the *prior* decision shall be reversed or revised.") (emphasis added); *see also Carpenter, supra* (section 7111 applies only where a claim of CUE "in a prior BVA decision" has been submitted to VA).

### E. Argument 6: Duty to Assist

The appellant specifically argued to the Board that VA failed in its duty to assist him by obtaining his SSA records after receiving a copy of the SSA decision in 1989, and that the SSA records consequently were not before the Board when it made its 1990 decision. R. at 1078. The Board in the decision on appeal did not specifically address that question, but has, rather, stated only that the "appellant has presented no legal basis for" negating the 1990 decision, and that the 1990 decision was "nevertheless final, cutting off the pension claims which predate it." *See* R. at 10. The first question the Court must decide is whether it has jurisdiction to consider this issue. An RO decision, which is not of record but referenced by the Board, R. at 9, and which necessarily would have been made in or subsequent to the December 1994 RO decision awarding the appellant non-service-connected pension, assigned an effective date of June 1991 for the pension award. The

appellant filed an NOD in September 1995, specifically, for the first time subsequent to the assignment of the effective date, contesting the effective date of the pension award. R. at 736. The Court of Appeals for the Federal Circuit has stated that the issue of effective date can give rise to its own NOD. In *Barrera v. Gober*, 122 F.3d 1030, 1032 (Fed. Cir. 1997), the Federal Circuit considered two NODs, one pertaining to the rating of a disability and one pertaining to the effective date of that rating, and held that multiple NODs may be filed with respect to multiple issues concerning one claim. *See also Grantham v. Brown*, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997) (separate NODs confer jurisdiction as to separate elements of a claim, e.g., service connection and rating of disability); *Hanson v. Brown*, 9 Vet.App. 29, 31 (1996). The appellant's NOD was filed (1) within the requisite one-year period for filing, set forth in 38 U.S.C. § 7105(b)(1) ("notice of disagreement shall be filed within one year from the date of mailing of notice of the result of initial review or determination"), and (2) on or after November 18, 1988, *see Buckley v. West*, 12 Vet.App. 76, 81-82 (1998) ("Court has jurisdiction to review only those final BVA decisions prior to which an NOD was filed on or after November 18, 1988, as to an underlying decision of an RO or other agency of original jurisdiction") (citing Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.§ 7251 note)). *Grantham*, 114 F.3d at 1158-59 (separate NODs confer jurisdiction as to separate elements of a claim, e.g., service connection and rating of disability). Accordingly, the Court clearly has jurisdiction over this issue.

The Court next notes that, because the appellant served for a period of 90 days or more during a period of war, and there was medical evidence of total disability and evidence that he met the requisite income standard before the Board at the time of its 1990 decision, the appellant's claim for non-service-connected pension was then well grounded. R. at 19, 33-34, 43-45, 365. S*ee* 38 U.S.C. § 1521(a); *Vargas-Gonzalez v. West*, 12 Vet.App. 321, 328 (1999). Thus, VA consequently had a duty to assist the appellant in developing the facts pertinent to his well-grounded pension claim, including obtaining all relevant SSA records regarding his disability and employability. *See* 38 U.S.C. § 5107(a); *Voerth v. West*, 13 Vet.App. 117, 121 (1999) (included in the section 5107(a) duty to assist "is the responsibility of VA to obtain any relevant records from the [SSA]."); *Baker v. West*, 11 Vet.App. 163, 169 (1998) (when VA put on notice of SSA records prior to issuance of a final decision, the Board must seek to obtain the records); *Murincsak*, 2 Vet.App. at 370 (under

section 5107(a), VA has a statutory duty to acquire both the SSA decision and the supporting medical records pertinent to a claim); *Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992) (where VA has SSA decisions determining disability and unemployability for SSA purposes, VA is required to obtain SSA records relating to those decisions). The question now becomes whether the Board's failure to fulfill its duty to assist in 1990 kept open the claim then before it, thus possibly allowing for the award of an earlier effective date for the non-service-connected pension benefit.

In *Hayre*, the United States Court of Appeals for the Federal Circuit held that the failure of VA to fulfill the duty to assist by obtaining pertinent service medical records "vitiates the finality of an RO decision for purposes of direct appeal." *Hayre*, 188 F.3d at 1333. The Court can discern no difference where a duty to assist violation has been committed by the Board, rather than an RO. Accordingly, because there is no question that the Board was obliged in 1990 to obtain all relevant SSA records and did not do so, such failure vitiates the finality of the 1990 Board decision, and, for purposes of awarding a proper effective date with respect to the 1994 pension award, the August 1987 claim, the subject of the 1990 Board decision, remains open.

### III. CONCLUSION

Any appeal with respect to the appellant's arguments 1, 2, 3, and 5, discussed in Parts II.A., B., and D. above, is DISMISSED. Based on the discussion in Part II.E. above, to the extent that the March 26, 1997, decision of the Board did not award an effective date earlier than April 26, 1991, for a non-service-connected total and permanent disability, the decision is VACATED and that matter is REMANDED for proceedings consistent with this opinion. The decision of the Board is otherwise AFFIRMED.