Citation Nr: 1450465 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 09-47 805 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Albuquerque, New Mexico


THE ISSUES

1. Entitlement to a rating in excess of 30 percent for post-traumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Kenneth Lavan, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Suzie Gaston, Counsel


INTRODUCTION

The Veteran served on active duty from April 1959 to April 1963. 

This matter comes before the Board of Veterans' Appeals (hereinafter Board) on appeal from a May 2008 rating decision, by the Atlanta, Georgia, Regional Office (RO), which denied the Veteran's claim of entitlement to a rating in excess of 30 percent for PTSD. He perfected a timely appeal to that decision. Jurisdiction over the case was subsequently transferred to the Albuquerque, New Mexico RO. 

On September 16, 2014, the Veteran appeared at the RO and testified at a videoconference hearing before the undersigned Veterans Law Judge, sitting in Washington, DC. A transcript of the hearing is of record. 

When entitlement to a TDIU is raised during the adjudicatory process of the underlying disability, it is part of the claim for benefits for the underlying disability. The Board finds that the Veteran's TDIU claim was reasonably raised by the record, including during the September 2014 videoconference hearing. Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The Board has reviewed the Veteran's physical claims file, as well as the Veteran's electronic file on the "Virtual VA" system, to ensure a complete review of the evidence in this case. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2013). 

The Veteran seeks a rating in excess of 30 percent for his service-connected PTSD. After examining the record, the Board concludes that further assistance to the Veteran is required in order to comply with the duty to assist as mandated by 38 U.S.C.A. § 5103A. 

The Veteran contends, in essence, that the symptoms of his service-connected PTSD are more severely disabling than are reflected by the 30 percent rating currently assigned. At his personal hearing in September 2014, the Veteran maintained that his condition has gotten worse. The Veteran reported that he has recurring dreams about death. He also reported that he cries a lot. The Veteran related that his psychiatrist told him that he was having problem adjusting to his surroundings; he noted that he had difficulty dealing with crowds. The Veteran indicated that he was stressed out all the time; he stated that he just doesn't know how to act around people. The Veteran testified that he also experiences intrusive thoughts, has no friends, and has a tendency to be hypervigilant. The Veteran maintained that, while he is conscious of the people around him, he does not want to be around other people; he tended to isolate himself. The Veteran reported that he stopped working in 2004, and he was subsequently granted social security disability benefits in 2005; he stated that he left his job because he couldn't handle the stress. It was argued that the last VA examination failed to adequately describe the severity of the Veteran's symptomatology. 

In this regard, the Board notes that records from the VA medical center in Bay Pines and the Clearwater Vet Center, dated from April 2002 through October 2009 reflect that the Veteran has sought ongoing treatment for his PTSD, which include individual and group therapy. These records indicate that the Veteran was having problems with nightmares, depression, anger, hostility, difficulty interacting with co-workers, daily hypervigilance, and crying spells; he was also having problems with avoidant symptoms and episodes of social isolation. These records show that the Veteran was assigned GAF scores ranging from 45 to 54. 

On the occasion of a VA examination in November 2010, the Veteran described sleep disturbance on a daily basis; he has no relationships. The Veteran indicated that, although he keeps in contact with his children, he has not seen them in more than 10 years; he has had no other relationships and has no contact with anyone except people at the grocery store. He has no interest or activities. The Veteran stated that he has a difficult time falling asleep and cannot go to sleep without sleep medicine. The Veteran indicated that he has a difficult time around others and that he has multiple problems interacting due to being angry, hostile and somewhat aggressive. Following a mental status examination, the pertinent diagnosis was major depressive disorder, recurrent, mild; the examiner assigned a GAF score of 60. The examiner stated that it is unclear from the Veteran's reports how significant his symptom picture is. He noted that, an individual of this age, with chronic back pain, would be expected to have sleep disturbance; he also noted that the Veteran does report that he has nightmares once per month which do not include descriptors are clearly related to military war scenarios. Accordingly, the examiner stated that there is no reason to attribute the nightmares to the Veteran's military service experience. The Veteran does describe excessive perspiration while sleeping and presumably these are related to his military service experience. The examiner stated that, while they are undoubtedly problematic, it is not clear that they significantly impact the Veteran's functional level. The Veteran reported that he is easily angered, frequently dissatisfied and unhappy when he cannot change wrong things. However, the examiner stated that this does not necessarily flow from his military service experience, but if it is it does not seen to be so problematic that it results in problems with work or employment when he was employed. The examiner stated that it is difficult to determine how the Veteran has been impacted by PTSD related symptoms since 2001. He did note that the Veteran reported that he was significantly impaired as recently as 2006 when he returned to treatment and he continues to suffer from PTSD. The examiner stated that he simply cannot identify the level of problems that the Veteran describes based upon his daily function, and he did not identify the level of impairment he identifies on psychometric assessment. 

Received in April 2014 were medical records from Clearwater Vet Center, dated from August 2009 to March 2014, which show that the Veteran attended monthly counseling sessions in order to address his PTSD symptoms, including anxiety, hypervigilance and isolative behavior. During a counseling session in April 2010, the Veteran reported increased anxiety as well as recent crying episodes. The Veteran stated that he had experienced more frequent tearful episodes in recent weeks. The assessment was PTSD, chronic. 

In light of the Veteran's allegations that his service-connected PTSD has worsened since his most recent VA examination, and the ambiguous statement from the 2010 VA examiner, the Board is of the opinion that a new VA examination is warranted to assess the current severity of the Veteran's disability. 38 U.S.C.A. § 5103A (d) (West 2002); 38 C.F.R. § 3.159(c) (4) (2013). The Veteran is entitled to a new VA examination where there is evidence (including his statements) that the condition has worsened since the last examination, which occurred approximately four years ago. Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995). VA's duty to assist a veteran includes providing a thorough and contemporaneous examination when the record does not adequately reveal the current state of the Veteran's disability. Hart v. Mansfield, 21 Vet. App. 505, 508 (2007). Accordingly, in order to accurately assess the severity of the Veteran's PTSD, he should be afforded a new and contemporaneous VA PTSD examination. See 38 U.S.C.A. § 5103A (d). 

During the September 2014 Board hearing, the Veteran testified that he stopped working in 2004, and he was granted social security disability benefits in 2005; he stated that he left his job because he couldn't handle the stress. This statement raises the issue of unemployability. Significantly, the Board notes that in Rice v. Shinseki, 22 Vet. App. 447 (2009), the United Stated Court of Appeals for Veterans Claims (Court) held that a TDIU claim is part of an increased rating claim when such claim is raised by the record. However, such a claim has not been developed nor considered by the RO in the first instance; therefore, the issue of entitlement to a TDIU is remanded to the RO for development and adjudication. Moreover, the Veteran testified that he was granted social security disability (SSA) benefits in 2005; thus, VA has a duty to obtain relevant SSA decisions and records relied upon in making those decisions. Tetro v. Gober, 14 Vet. App. 100, 108 -09 (2000). As such, these claims must be remanded to obtain a complete copy of the Veteran's Social Security Administration records. See 38 C.F.R. § 3.159(c) (2) (2013); see also Murincsak v. Derwinski, 2 Vet. App. 363 (1992). 

To ensure that VA has met its duty to assist the claimant in developing the facts pertinent to his claim and to ensure full compliance with due process requirements, the case is REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC. for the following actions: 

1. Send a VCAA notice letter notifying the Veteran and his attorney of any information or lay or medical evidence not previously provided that is necessary to substantiate the TDIU component of the claim on appeal. This notice must indicate what information or evidence the Veteran should provide, and of what information or evidence VA will attempt to obtain on his behalf. Include with this letter a VA Form 21-8940 for the Veteran to complete. 

2. The AOJ should obtain all SSA records pertaining to the Veteran, including all treatment records that formed the basis of any decision rendered by SSA. If no such records can be found, or no longer exist, ask for specific documented confirmation of this fact. All efforts to obtain such records must be documented in the claims file. If it is reasonably certain these records do not exist or that any further efforts to obtain them would be futile, document such in the claims file and provide the Veteran appropriate notice. 

3. The AOJ should contact the Veteran and request that he identify the names, addresses, and approximate dates of treatment for all VA and non-VA health care providers who have treated him for his PTSD since November 2010, which is the date of the most recent VA examination. The RO should attempt to obtain copies of pertinent treatment records identified by the Veteran that have not been previously secured and associate them with the claims folder. The Veteran should be requested to sign any necessary authorization for release of medical records to VA. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. If the records are unavailable, notify the Veteran in accordance with 38 C.F.R. § 3.159(e). 

4. Then, schedule the Veteran for a VA examination to determine the current nature and severity of his PTSD. The claims folder, including a copy of this remand, should be made available to and reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed. Following examination of the Veteran, the examiner should identify what symptoms, if any, the Veteran currently manifests that are attributable to his service-connected PTSD. The examiner should assign a Global Assessment of Functioning (GAF) score for the Veteran's PTSD consistent with the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM- IV) and explain the significance of the score. Also, the examiner should specifically opine on the impact of the Veteran's PTSD on his social and industrial activities. In offering these opinions, the examiner should take into consideration all the evidence of record, to include medical records as well as the Veteran's lay statements. A rationale for all opinions expressed must be provided. 

5. The AOJ should ensure that all requested actions have been accomplished in compliance with this remand. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998). 

6. Thereafter, the AOJ should readjudicate the Veteran's claims of increased evaluation for PTSD and entitlement to TDIU. If any determination remains unfavorable to the Veteran in any way, he and his attorney should be furnished a supplemental statement of the case (SSOC), which includes a summary of additional evidence submitted, and any additional applicable laws and regulations. The SSOC must provide reasons and bases for the decisions reached. Thereafter, the Veteran and his attorney should be given the opportunity to respond. 

After the above actions have been accomplished, the case should be returned to the Board for further appellate consideration, if otherwise in order. No action is required of the Veteran until he receives further notice. The purposes of this remand are to further develop the record and to the accord the Veteran due process of law. By this remand, the Board does not intimate any opinion, either factual or legal, as to the ultimate disposition warranted in this case. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013). 



_________________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).