Citation Nr: 1513878 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 08-20 443 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES


1. Entitlement to service connection for an acquired psychiatric disorder, claimed as depression and post-traumatic stress disorder (PTSD).

2. Entitlement to service connection for a bilateral foot disability as secondary to service-connected residuals of frostbite, claimed as bilateral Achilles tendonitis.

3. Entitlement to an increased rating for residuals of frostbite of the right foot, currently rated 30 percent disabling. 

4. Entitlement to an increased rating for residuals of frostbite of the left foot, currently rated 30 percent disabling.

5. Entitlement to a total disability rating due to individual unemployability (TDIU). 



REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1984 to October 1987.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from August 2006 and November 2008 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey. In the August 2006 decision, the Agency of Original Jurisdiction (AOJ) denied entitlement to service connection for bilateral Achilles tendonitis and depression, as well as an increased rating for residuals of frostbite with neuropathy in each foot. In the November 2008 decision, the AOJ denied entitlement to service connection for PSTD, as well as TDIU.

Although not certified by the AOJ, the Board has jurisdiction over the Veteran's claims for increased ratings for residuals of frostbite of the lower extremities and TDIU, as these issues were included in rating decisions for which the Veteran perfected an appeal. 

The Veteran's claims of entitlement to service connection for depression and PTSD are discussed in this decision under a single issue statement for entitlement to service connection for an acquired psychiatric disorder, as a claim for an acquired psychiatric disorder includes any other mental disability that can be reasonably encompassed by the claimant's symptomatology. Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The Veteran's claim of entitlement to service connection for bilateral Achilles tendonitis has also been recharacterized as a claim for a bilateral foot disability, as it appears there are several foot disabilities that may be proximately due to, or aggravated by, the residuals of frostbite of the bilateral lower extremities. This issue will be discussed in more detail in the REMAND portion of this decision.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Entitlement to Service Connection for an Acquired Psychiatric Disorder

In August 2005, a VA examiner diagnosed the Veteran as having depression and noted "it is as likely as not his opioid dependence is related to his depression." Based on this statement, the AOJ denied entitlement to service connection for depression, stating the "[Veteran's] depression is due to [his] opioid dependence." This appears to be a misinterpretation of the examiner's findings as the opinion does not clearly indicate the Veteran's past opioid dependence, which is now in remission, caused his depression. The August 2005 opinion is also inadequate to adjudicate the Veteran's claim as it does not provide an opinion as to whether the Veteran's diagnosed depression is at least as likely as not due to his service connected disabilities as claimed. Thus, a new examination is warranted. See 38 C.F.R. § 4.2 (2014); see also Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return inadequate examination report).

Furthermore, the Veteran has never had a VA examination for PTSD even though his PTSD claim includes an allegation of an in-service personal assault. See 38 C.F.R. § 3.304(f)(5) (2014). April 2010 VA treatment records indicate the Veteran has been diagnosed as having PTSD. VA is required to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability; the record indicates that the disability or signs and symptoms of disability may be associated with military service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2014); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). Therefore, VA must provide an examination for PTSD.

Entitlement to Service Connection for a Bilateral Foot Disability

As noted in the introduction, the AOJ certified the issue of entitlement to service connection for bilateral Achilles tendonitis as secondary to the residuals of frostbite of the bilateral lower extremities. During an April 2006 examination for an increased rating for residuals of frostbite, a VA examiner found the Veteran had severe bilateral tendonitis, as well as heel pain syndrome, and noted several other foot disabilities that significantly impaired the Veteran's gait. However, the April 2006 examiner did not address whether any of these disabilities are secondary to the residuals of frostbite as claimed by the Veteran. 

Throughout the pendency of his appeal, the Veteran has submitted several statements regarding multiple issues affecting his feet. While some of the individual conditions have not been specifically linked to the residuals of frostbite by the Veteran, his statements clearly indicate his intent to seek service connection for multiple foot disabilities as secondary to residuals of frostbite. For example, in a September 2005 statement, the Veteran wrote he had recently discovered he was having several additional issues with his feet because of the residuals of frostbite. This statement was submitted in the wake of surgeries in October 2004 on his right foot and in October 2005 on his left ankle. 

There is evidence that these disabilities may be proximately due to, or aggravated by, the Veteran's service-connected residuals of frostbite. VA physicians have indicated the residuals of frostbite may have complicated the Veteran's recovery from right foot surgery for plantar fasciitis in October 2004. A December 2013 VA examiner linked the Veteran's left foot/ankle issues, which required surgery in October 2005, to him favoring his left foot after the October 2004 right foot surgery. During the period between these surgeries, a VA physician noted thickening of the Achilles tendons bilaterally with a partial tear. 
The Board is required to consider, and discuss in its decision, all "potentially applicable" provisions of law and regulation. Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991) (emphasis added); see also 38 U.S.C. § 7104(a); Weaver v. Principi, 14 Vet. App. 301, 302 (2001) (per curiam order); Sanden v. Derwinski, 2 Vet. App. 97, 100 (1992). The Veteran has never had a VA examination that addresses the entire history of his bilateral foot disabilities with regard to whether these disabilities are proximately due to, or aggravated by, the residuals of frostbite. Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). 

The majority of the Veteran's VA examinations have been characterized as relating to an increased rating for residuals of frostbite and merely document the additional complications found during the examination. The only examiner to address a foot/ankle disability outside of this context related findings regarding a left foot/ankle condition to a right foot condition with an earlier onset date. Given the sequential nature of onset of the Veteran's bilateral foot disabilities and the potential for aggravation or an etiological relationship between the disabilities, an examination that chronologically traces the full history of the Veteran's bilateral foot/ankle disabilities within the context of secondary service connection is warranted. 

Entitlement to an Increased Rating for Residuals of Frostbite of the Bilateral Lower Extremities

The Veteran's service-connected residuals of frostbite of the bilateral lower extremities are currently rated at 60 percent disabling, which is the highest schedular rating available for the disability. 38 C.F.R. § 4.104, Diagnostic Code 7122. 

The question of whether an extraschedular rating is warranted is a component of an increased rating claim. Bagwell v. Brown, 9 Vet. App. 337, 338-39 (1996) (discussing 38 C.F.R. § 3.321(b)(1)). While the Board cannot assign an extraschedular rating in the first instance, it can specifically adjudicate whether to refer a case to the VA Director of Compensation and Pension Services for an extraschedular evaluation when the issue is either raised by the claimant or is reasonably raised by the record. See Thun v. Peake, 22 Vet. App. 111, 115 (2008); Barringer v. Peake, 22 Vet. App. 242 (2008). 

In determining whether an extra-schedular evaluation should be considered, the Board must first consider whether there is an exceptional or unusual disability picture, which occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of a Veteran's service-connected disability. Thun, 22 Vet. App. at 115. If there is an exceptional or unusual disability picture, the Board must next consider whether the disability picture exhibits other factors such as marked interference with employment and frequent periods of hospitalization. Id. at 115-16. When these two elements are met, the appeal must be referred for an extra-schedular evaluation. 

In this case, the record establishes the residuals of frostbite result in symptoms that are not described in the rating criteria. The most notable symptom is frequent falls at work due to the loss of sensation in his lower extremities. There is also evidence of marked interference with employment, as the Veteran was forced to medically retire from the U.S. Post Office, and frequent periods of hospitalization and medical treatment during the pendency of the appeal. Therefore, referral for an extra-schedular evaluation for migraines is warranted. 

Entitlement to TDIU

The Veteran's TDIU claim is inextricably intertwined with the issues noted above. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). Therefore, these issues must be fully developed prior to the adjudication of the TDIU claim. Additionally, the Veteran filed a disability claim with the Social Security Administration (SSA). The United States Court of Appeals for Veterans Claims has held that where there has been a determination with regard to SSA benefits, the records concerning that decision must be obtained, if relevant. Tetro v. Gober, 14 Vet. App. 100, 108-09 (2000); Murincsak v. Derwinski, 2 Vet. App. 363, 372 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain the Veteran's SSA records. 

2. Obtain records of the Veteran's VA treatment for the conditions at issue since January 2014.

Refer the issue of entitlement to a rating in excess of 60 percent for residuals of frostbite of the bilateral lower extremities to the Director of Compensation and Pension Service or Under Secretary for Benefits for extra-schedular consideration.

3. Schedule the Veteran for an examination to determine whether any previously diagnosed foot disability is at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite. The examiner must review the claims file before providing the requested opinion. The examiner must address the full history of the Veteran's bilateral foot disabilities in chronological order.

First, the examiner must address whether the Veteran's right foot plantar fasciitis that required surgery in October 2004 was at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite and what role, if any, the service-connected disability played in the recovery from the surgery.

Second, the examiner must address whether the Veteran's left foot/ankle disability that required surgery in October 2005 was at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite, or his right foot plantar fasciitis that required surgery in October 2004, if this condition is previously determined to be at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite.

Third, the examiner must address whether the Veteran's bilateral Achilles tendonitis is at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite, or any other disability or chain of disabilities previously determined to be at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite.

Finally, the examiner should address whether any other diagnosed foot disability not previously noted is at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite, or any other disability or chain of disabilities previously determined to be at least as likely as not proximately due to, or aggravated by, his service-connected bilateral residuals of frostbite.

If any foot disability is found to be aggravated beyond the normal progression of the condition by the residuals of frostbite, the examiner must provide the baseline level of the condition before the onset of the aggravation.

4. Schedule the Veteran for an examination, preferably by a psychiatrist, to determine whether he has a currently diagnosed acquired psychiatric disorder that is at least as likely as not related to his service or proximately due to, or aggravated by, service-connected disabilities.

If a previously diagnosed acquired psychiatric disorder, to include depression and PTSD, is not found currently, the examiner should state whether the previous diagnosis was erroneous or whether the condition is now in remission. 

If any acquired psychiatric disorder is found to be aggravated beyond the normal progression of the disorder by the Veteran's service-connected disabilities, the examiner must provide the baseline level of the disorder before the onset of the aggravation.

The examiner should also address whether it is as least as likely as not that the Veteran's service-connected disabilities preclude him from obtaining and maintaining substantially gainful employment, based on his educational and occupational background. The examiner should provide reasons for the opinion.

If the examiner is unable to provide the requested opinions without resorting to speculation, the reasons for the inability to provide the necessary opinion should be provided. Any missing evidence that would enable the examiner to provide the opinion should be identified. 

5. If any benefits sought on appeal remains denied, issue a supplemental statement of the case. Then return the case to the Board, if otherwise in order. 


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).